

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/18/2023



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DARIAN ALEXANDER**
Phone: (212) 356-2174
daalexan@law.nyc.gov

April 18, 2023

**BY ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *E.L, individually, and on behalf of his child, S.L., a minor v. New York City Department of Education and David C. Banks,* 23-cv-2560-VEC

Dear Judge Caproni:

I am the Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants the New York City Department of Education and David C. Banks (collectively, the "Department") in the above-referenced action. With Plaintiffs' consent, I write to respectfully request that the Court grant Defendants additional time to respond to the Complaint, extend the parties' upcoming joint letter submission deadline, and adjourn the Initial Pretrial Conference.

Plaintiff E.L. (the "Parent") brings this action individually and on behalf of his child, S.L. (the "Student"), a minor who has received special education services. *See* Complaint (Dkt. No. 1) at ECF pages 1-2. According to the Complaint, Plaintiffs are prevailing parties in two administrative proceedings — one that concerned the Student's educational placement and services during the 2017-2018 and 2018-2019 school years (IH Case No. 181730), and one that concerned Student's educational placement and services during the 2019-2020 school year (IH Case No. 187864). (*Id.* at ECF pages 3-5.) Plaintiffs allege that the Department has not complied with the Findings of Fact and Decisions in those proceedings in that the Department has not reimbursed the Parent for private specialists or issued reimbursements or direct payments for the Student's tuition at the Shefa School ("Shefa"), a private educational institution. (*Id.* at ECF pages 1-2.) Plaintiffs further allege that the Parent's resulting tuition arrears have jeopardized the Student's enrollment at Shefa. (*Id.* at ECF page 2.) Plaintiffs request, *inter alia*, that the Court issue an order declaring that Plaintiffs are prevailing parties under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, the Americans with

Disabilities Act, and 42 U.S.C. § 1983; that the Court award reasonable attorneys' fees and costs to Plaintiffs in connection with the underlying administrative proceedings and this action; and that the Court enjoin the Department to immediately issue direct payments to Shefa for the Student's tuition, as well as reimbursements to the Parent for related service expenditures and the Student's tuition at Shefa. (*Id.* at ECF page 8.)

Currently, the Department's response to the Complaint is due on April 25, 2023. Additional time is needed to investigate the facts and legal issues raised in the Complaint in order to prepare an appropriate response. The proposed extension would also provide time for the parties to discuss a resolution of Plaintiffs' claims without the need for Court intervention. Accordingly, the Department respectfully requests, with Plaintiffs' consent, that the Court extend by approximately 60 days the Department's time to respond to the Complaint, from April 25, 2023 to June 26, 2023. The duration of the requested extension reflects, in addition to the aforementioned factors, the fact that I will be out of the country for approximately the next two work weeks (from April 18 through April 28). This is the Department's first request for an extension of time to respond to the Complaint.

Additionally, by Order dated March 29, 2023, the Court scheduled an Initial Pretrial Conference ("IPTC") for July 7, 2023, and directed that the parties, in advance of that IPTC, submit a related Joint Letter by June 16, 2023. (Dkt. No. 7.) Defendants respectfully submit that adjourning the IPTC and Joint Letter submission deadline to dates after the Department's deadline to respond to the Complaint would foster the parties' efforts to resolve Plaintiff's implementation claims in the nearer term. Accordingly, the Department respectfully requests, with Plaintiffs' consent, that the Court adjourn the IPTC to July 31, 2023 and extend the parties' deadline to file a Joint Letter to July 10, 2023. The is the Department's first request to adjourn the IPTC and to extend the Joint Letter submission deadline.

Thank you for your consideration of this request.

Respectfully,

/s/
Darian Alexander
Assistant Corporation Counsel

CC:   BY ECF
*all counsel of record*

Application GRANTED.  Defendants' deadline to answer or otherwise respond to the Complaint is hereby extended from April 25, 2023 until **June 26, 2023**.  The Initial Pre-Trial Conference ("IPTC") scheduled for Friday, July 7, 2023 at 10:00 A.M. is hereby adjourned until **Friday, July 28, 2023 at 10:00 A.M.**  The parties' joint letter indicating whether the IPTC would be helpful is due not later than **July 10, 2023**.  In the event the parties decide that an IPTC would be beneficial, their joint letter and proposed case management plan are due not later than **July 20, 2023**.  **Given the generousness of this timeline, the Court is unlikely to grant any further extension or adjournment requests.**

SO ORDERED.

*[signature]*
04/18/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE