UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E.L., *individually, and on behalf of his child S.L., a minor*,

                       Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and DAVID C. BANKS, *in his official capacity as Chancellor of the New York City Department of Education*,

                       Defendants.

23-cv-2560 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

E.L., the father of a child with disabilities, S.L., brought this case individually and on behalf of his child against the New York City Department of Education and its chancellor in his official capacity. Plaintiffs, as Defendants don't dispute, are prevailing parties in two New York due process actions under the Individuals with Disabilities Education Act (IDEA). They brought this case to enforce the administrative orders from those two actions and to recover reasonable attorneys' fees. Dkt. 1 at 5–7. On February 28, 2024, the parties notified the Court that they had resolved the enforcement component of this lawsuit, leaving only the issue of attorneys' fees unresolved. Dkt. 28.

Plaintiffs request $159,557.50 in attorneys' fees and costs related to two due process actions and the present litigation. Dkt. 32 at 24. Defendants argue that Plaintiffs should get, at most, $87,836.15. Dkt. 44 at 25.

## LEGAL STANDARDS

"In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "Reasonable attorneys' fees under the IDEA are calculated using the 'lodestar' method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.*, 408 Fed. App'x 411, 415–16 (2d Cir. 2010) (cleaned up). "In determining the first component of the lodestar—the number of hours reasonably expended—the district court may exclude hours that are excessive, redundant, or otherwise unnecessary." *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023) (internal quotation marks omitted). "The other component

of the lodestar—the reasonable hourly rate—is the rate a paying client would be willing to pay … after considering all pertinent factors, including the *Johnson* factors." *Id.* (citation and internal quotation marks omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). "A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award." *R.G. v. New York City Dep't of Educ.*, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019). "[T]he fee applicant bears the burden of establishing entitlement to an award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## DISCUSSION

Although Plaintiffs are prevailing parties entitled to attorneys' fees, the Court finds that the fee rate sought and the hours submitted are unreasonable. So the Court will grant Plaintiffs' motion for fees and costs but will make reductions both to the rates and hours awarded.

### I. Plaintiffs can recover attorneys' fees.

Defendants start with the hard-line but ultimately misguided view that the Court should deny attorneys' fees entirely because "LOIR has not established that billing records were kept contemporaneously." Dkt. 44 at 8. But Plaintiffs submitted a declaration stating that time entries were "made contemporaneously." Dkt. 33 ¶ 34. And Defendants have no evidence that this statement is false; they simply complain that Plaintiffs did not hand over their records earlier. Dkt. 44 at 7–9. As Plaintiffs point out, there are other reasons for refusing to hand over such records. Though doing so may protract litigation, it does not in itself indicate that the records were concocted after the fact. Absent countervailing evidence, the Court finds that the detailed nature of the records, *see, e.g.*, Dkt. 33-1, and the declaration support a finding that these records were made contemporaneously.

### II. Some of the hours worked were excessive.

"In determining what number of hours is reasonable, the court must exclude hours that are excessive, redundant, or otherwise unnecessary, allowing only those hours that are reasonably expended." *J.R. v. New York City Dep't of Educ.*, 2021 WL 3406370, at *5 (S.D.N.Y. Aug. 4, 2021) (cleaned up), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). "To determine the reasonableness of hours spent on a matter, the district court may attempt to

identify specific hours that should be eliminated, or it may simply reduce the award by a reasonable percentage." *Id.* (cleaned up).

After reviewing the billing records with care, the Court finds that a 15% across-the-board reduction is warranted, which is in line with reductions in similar cases. *See C.B. v. New York City Dep't of Educ.*, 2019 WL 3162177, at *11 (S.D.N.Y. July 2, 2019) (15% reduction). For one thing, the matter was not particularly complex. The two administrative proceedings spanned a total of 5 hours total, and Defendants did not call any witnesses in either case, offered a total of 7 exhibits across both proceedings, and did not submit a closing brief in one of the cases. Dkt. 46 at ¶¶ 8, 9, 18, 19, 20. While the Court appreciates that this matter stretched across six years and that Plaintiffs had to oversee implementation, Plaintiffs have failed to identify any particularly complex issues.

The billing records also reflect excessive billing in certain respects. First, the hours spent reviewing attorney timesheets for submission were excessive, reflecting inefficiencies in the firm's time-keeping practices. *See, e.g.*, Dkt. 33-3 at 16–17; Dkt. 33-2 at 13. Second, the hours spent on the underlying due process complaints were excessive. The Court has reviewed the complaints and finds that the hours billed are disproportionate to their relatively straightforward nature. Dkt. 33-5; Dkt. 33-13. Third, the time entries for the present motion were excessive. The firm appears to have billed almost 50 hours on it. Dkt. 33-3 at 14–15. But this motion did not contain any novel issues. Four pages of the brief contained a simple recitation of attorney biographies. Dkt. 32 at 7–11. Another seven regurgitated information from client and attorney declarations. *Id.* at 11–17. And large parts of the material were recycled from a similar motion that the firm filed in another case. *Compare id.* at 14–15, *with R.S. v. New York City Dep't of Educ.*, No. 21-cv-2257 (S.D.N.Y.), Dkt. 63 at 13–15. The Court appreciates that the attorneys had to review what had happened in the underlying proceedings, but doing so should not have taken so much time. Finally, some of the hours billed for administrative tasks were excessive, and some were billed in 0.1 increments despite being done on the same day and being unlikely to have taken more than a few moments. *See, e.g.*, Dkt. 33-3 at 11 (billing .3 hours for saving ECF notices and updating case status in separate .1 increments on the same day). "[W]hen an attorney on a single day bills multiple 0.10 hour entries for [discrete] tasks, where the tasks individually appear likely to have occupied less than 0.10 hours and in total appeal likely to have occupied less than the sum total of the 0.10 hour increments, such a practice can improperly inflate the number of hours billed beyond what is appropriate." *C.D. v. Minisink Valley Cent. Sch. Dist.*, 2018 WL 3769972, at *8 (S.D.N.Y. Aug. 9, 2018).

### III. Some of the rates are unreasonable under the circumstances here.

The Court also finds that some of the rates were unreasonable here. Plaintiffs ask for between $350 and $550 for their attorneys and between $185 and $200 for their paralegals. The Court recognizes the deep expertise and experience of the lawyers and paralegals involved in this litigation, as well as their success in the underlying dispute. *See, e.g.*, Dkt. 33-16 to -25. But after considering all the materials submitted, along with all *Johnson* factors, the Court finds that some rates should be adjusted here.

3

As to the lawyers, a small reduction is warranted for several reasons. Plaintiffs submitted declarations from other IDEA attorneys and clients suggesting that the rates here are reasonable. *See, e.g.*, Dkt. 37 ¶ 13 (attorney declaration that rates range from $400 to $700 an hour); Dkt. 38 ¶ 11 (parent declaration that attorney Irina Roller's hourly rate is $600 an hour). But as other courts have noted, these declarations must be taken with a grain of salt, given that other IDEA attorneys have a personal stake in the matter and clients pay fees knowing that the fees will be refunded if they prevail. *See S.C. v. New York City Dep't of Educ.*, 2024 WL 3518522, at *3 (S.D.N.Y. July 24, 2024); Dkt. 38 ¶ 13.

Moreover, even if these rates would be reasonable in other circumstances, the Court does not find them reasonable here. First, Plaintiffs gesture at the general complexity of IDEA litigation but fail to point to any particularly difficult or novel questions that arose in this case. *See H.C.*, 71 F.4th at 127 ("[A] district court does not err when it considers the complexity of the dispute both when it evaluates the time reasonably expended as well as the reasonable hourly rate."). This fees motion, for example, was exceedingly straightforward. Second, there were some inefficiencies in how this matter was conducted. The Court has identified various time entries indicating work that was done by the highest-paid attorneys that could have been done by more junior attorneys or paralegals. *See, e.g.*, Dkt. 33-2 at 5, 7 (attorneys with almost two decades of experience conducting legal research); *id.* at 13 (review and redaction of attorney timesheets billed at $550 per hour for a total of $3,520); Dkt. 33-3 at 1, 14–15 (most senior attorneys drafting complaint and straightforward fees brief). Indeed, as Defendants point out, more than 80% of the hours billed in the second due process action were billed by senior attorneys, suggesting staffing inefficiencies. *See* Dkt. 33-2. The attorneys here also don't claim that they had to forego other work to take on this case, or that this work was somehow undesirable. *See Lilly*, 934 F.3d at 228 (*Johnson* factors 4 and 10).

The Court acknowledges the attorneys' expertise and their longstanding relationship with the client, as well as the length of their involvement and their success in this matter. *See id.* (*Johnson* factors 9 and 11). But all things considered, the Court finds an hourly rate of $500 more appropriate for the two most senior attorneys and an hourly rate of $300–$450 more appropriate for the rest of the attorneys, who also had significant experience but whom Plaintiffs acknowledge should be paid less.[1] These rates are higher than the rates that other courts have awarded, including for the same attorneys. *See M.N. v. New York City Dep't of Educ.*, 2024 WL 3085071, at *5 (S.D.N.Y. June 20, 2024) (awarding Irina Roller a rate of $400/hour); *see also F.N. v. New York City Dep't of Educ.*, 2024 WL 1348637, at *8 (S.D.N.Y. Mar. 29, 2024) (awarding experienced attorney $375/hour); *Olaechea v. City of New York*, 2022 WL 3211424, at *13 (S.D.N.Y. Aug. 9, 2022) ("[C]ourts in this District have awarded experienced civil rights attorneys, including those practicing alone or in small firms, hourly rates ranging from $200 to $650 per hour.").

As to the paralegals, the Court finds that Plaintiffs have failed to show that the $185–$200 rate is reasonable. Plaintiffs provide little support for that request; they cite only a declaration from

---

[1] To be clear, the Court reduced the hourly rate of each of the other attorneys by $50.

another routine player in the IDEA-litigation field. *See* Dkt. 32 at 15 (citing declaration from another attorney). The Court takes that into consideration but also notes that some skepticism is warranted given the declarant's own interest in higher rates. *See S.C.*, 2024 WL 3518522, at *3. In any event, in reviewing the paralegal work done here, the Court notes that many of the tasks were administrative rather than complex work meriting higher fees. *See, e.g.*, Dkt. 33-3 at 2–17 (describing many paralegal tasks as receiving and reviewing emails and ECF notifications). And as discussed above, the Court does not see any indication that this case was, on the whole, particularly complex.

Under these circumstances, the Court finds a slightly lower rate of $150/hour appropriate. This is still at the high end of what other courts have found to be reasonable and recognizes the substantive work performed here and the paralegals' experience and expertise. *See N. L-C. v. New York City Dep't of Educ.*, 2022 WL 831820, at *4 (S.D.N.Y. Mar. 18, 2022) (explaining that "hourly rates between $100 and $125 are appropriate for paralegals assisting on IDEA cases" and awarding $125/hour for one of the paralegals in this case); *M.N.*, 2024 WL 3085071, at *5 ("[C]ourts in the Southern District typically award fees for paralegal work in IDEA cases at rates ranging from $100 to $125.").

## CONCLUSION

The Clerk of Court is directed to terminate Dkt. 31, enter final judgment against Defendants in the amount of $119,312.25,[2] and close this case.

SO ORDERED.

Dated: August 20, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[2] Defendants argue that the Court should subtract from the total award the amount of any retainer fee paid by the client in this case. But they cite no authority for doing so, nor does the Court think that doing so would be consistent with the statutory text, which authorizes the Court to make an award of "reasonable attorneys' fees" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). It would make little sense, in determining what amount of attorneys' fees is reasonable to award, to subtract the amount the prevailing party has already paid.